UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:23-CV-00338-KKC-EBA

AARON EVANS,                                                                                                    PETITIONER,

V.                          **REPORT AND RECOMMENDATION**

STEVEN WILLIAMS,
*Jailer*,                                                                                                                 RESPONDENT.

*** *** *** ***

INTRODUCTION

Aaron Evans, a state prisoner, alleges that his imprisonment is unconstitutional. [R. 5]. Using 28 U.S.C. § 2254 as a vessel, he requests habeas relief on the grounds that the description of his charges changed from when he was arrested to when he was sentenced and that an *ex post facto* violation occurred because he was sentenced under a version of a trafficking statute that was enacted after the date of his offense. [*Id.* at pgs. 5–10]. Steven Williams ("Jailer") then filed an Answer to Evans' petition which asserted, among other defenses, that the petition was untimely. [R. 11]. Evans was provided an opportunity to reply, but no such reply was filed and the time to do so elapsed. [*See* R. 12]. Because Evans' petition is untimely (and because the Jailer raises timeliness as a defense), the Court will recommend his § 2254 petition be denied.

FACTS AND PROCEDURAL HISTORY

The Kentucky Court of Appeals outlined the factual background of this case as follows:

On July 20, 2018, officers with the Lexington Police Department conducted a narcotics investigation based upon information from a qualified confidential informant and observed Evans make a hand-to-hand transaction involving heroin with the informant. A traffic stop of Evans's vehicle was undertaken, and marijuana was observed in plain view.

On October 15, 2018, a Fayette County Grand Jury indicted Evans for one count of

> trafficking in a controlled substance and one count of possession of marijuana. On February 15, 2019, Evans's defense attorney, Chris Wilkie, filed a motion to suppress "the evidence seized in this case after the unreasonable and illegal stop." The motion was set for hearing on March 6, 2019, but subsequently Evans was arrested on federal charges. By Agreed Order, the suppression hearing was removed from the docket and the case was set for a status conference. Multiple court dates were rescheduled because Evans was in federal custody. After petitioning the Commonwealth and the trial court pursuant to the Interstate Agreement on Detainers Act, Evans was returned to state custody in order to resolve the charges in Fayette County.
>
> On August 14, 2020, based upon the Commonwealth's recommended minimum sentence of five years and dismissal of the marijuana charge, Evans pled guilty to the trafficking charge. On September 23, 2020, the trial court entered Final Judgment and Sentence of Imprisonment, adjudging Evans guilty of the crime of Count I, Trafficking in a Controlled Substance, 1st Offense, Heroin. However, the court sentenced him to the five years as recommended -- but ordered it to run consecutively to his federal sentence rather than concurrently as his counsel had requested. The court dismissed Count 2, the marijuana charge.
>
> In 2021, Evans, *pro se*, filed multiple requests with the trial court that his sentence be run concurrently, all of which were denied.

*Evans v. Commonwealth*, No. 2022-CA-1224-MR, 2023 WL 4374497, at *1 (Ky. Ct. App. July 7, 2023). On February 14, 2022, Evans then filed a motion pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 to vacate his sentence and allege ineffective assistance of counsel, which was then denied by the trial court on September 13, 2022. *Id.* at *1–3. He then appealed this denial to the Kentucky Court of Appeals, which affirmed the trial court's ruling. *Id.* at *5. Evans did not seek discretionary review of the Court of Appeals' ruling. Evans then filed multiple motions with the trial court to amend his judgment based upon the alleged discovery of new evidence and for time served, all of which were denied by the trial court. [*See* R. 11 at pg. 4].

On December 14, 2023, Evans filed his petition for habeas relief. [R. 1]. The Court then directed Evans to file his petition on the correct form and to pay the associated filing fee. [R. 4]. On January 16, 2024, Evans' proper § 2254 petition was filed with the Court. [R. 5]. The Court then directed Jailer Williams to file a responsive pleading to the petition. [R. 7]. Jailer Williams

then filed his Answer. [R. 11]. The undersigned issued an order directing Evans to file a Reply no later than April 19, 2024. [R. 12]. No such reply was filed and the time to do so has elapsed, therefore the matter is now ripe for review.

STANDARD OF REVIEW

To begin with, the Court recognizes that Evans is proceeding *pro se* and construes his petition more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003). This Court is required to review Evans' request for habeas corpus relief pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996. The Act allows state prisoners to seek federal habeas corpus relief on the ground that they are in custody in violation of the Constitution, law, or treaties of the United States. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). The Act states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The Act mandates that state courts should enjoy the first opportunity to cure a constitutional claim. This rule stems from the understanding that state courts are obligated to follow federal law and from the desire for comity between the state and federal court systems. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). So, federal courts do not analyze a petitioner's claim *de novo* under § 2254. The Act erected a "formidable barrier" to federal habeas corpus relief for those state prisoners whose claims were fully adjudicated in state court, requiring they show that the state

court's ruling "was so lacking in justification that there was an error . . . beyond any possibility for fair-minded disagreement." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Still, a petitioner's claims must meet certain procedural requirements to justify review.

ANALYSIS

Importantly, the Jailer asserts untimeliness as an affirmative defense to Evans' § 2254 petition. [R. 11 at pg. 9]. So, the Court must determine whether it is timely filed. *Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

A

Under the Act, prisoners enjoy one year from the date that their conviction becomes final to petition a federal district court for habeas corpus relief. 28 U.S.C. § 2244(d). Of course, the one-year statute of limitations can be tolled upon the filing of an "application for State post-conviction or other collateral review[.]" 28 U.S.C § 2244(d)(2).

Evans entered his guilty plea on August 14, 2020, and his sentence was entered on September 23, 2020. [R. 11-2 at pgs. 6–10]. Pursuant to RcR 12.04(3), "[t]he time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken. . ." *See also* CR 73.02(1)(a). The time for a direct appeal for Evans' conviction was therefore October 23, 2020. So, absent tolling, Evans had until October 23, 2021, to petition a federal district court for habeas corpus relief.

Evans took no action whatsoever until February 14, 2022, when he filed a post-conviction motion in state court, which was denied on September 13, 2022, by the trial court and the denial was affirmed by the Court of Appeals on July 7, 2023. *See Evans v. Commonwealth*, No. 2022-

CA-1224-MR, 2023 WL 4374497, at *1 (Ky. Ct. App. July 7, 2023). Therefore, the time to file a § 2254 petition had already elapsed approximately four months before Evans filed his 11.42 motion. Evans attempts to justify the delay in filing his § 2254 petition by explaining that he did not know about the time limits to file this petition and that other factors, such as his extradition to federal custody and the COVID-19 Pandemic, prevented him from timely filing his petition. [R. 5 at pgs. 13–14]. However, Evans cites no caselaw to support his arguments and in fact appears to concede that his petition is untimely but nonetheless requests that his petition be accepted so that he may pursue requesting habeas relief. [*Id.*]. As this Court has explained in the past, a post-conviction motion, such as an 11.42 motion, that is filed past the one-year limitation period to file a § 2254 petition cannot restart the limitations period, it can only pause the clock on a limitations period that has not run. *See Crabtree v. Green*, No. CV 20-435-KKC-CJS, 2021 WL 11549983, at *3 (E.D. Ky. Mar. 29, 2021), *report and recommendation adopted*, No. CV 5:20-435-KKC-CJS, 2021 WL 11549977 (E.D. Ky. Apr. 12, 2021). Here, there is no question that Evans' 11.42 motion was filed after the one-year limitations period. *See Evans*, 2023 WL 4374497 at * 1. Therefore, the petition is untimely.

B

Nonetheless, even untimely filed petitions may benefit from equitable tolling in limited circumstances.[1] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)). Specifically, equitable tolling permits federal courts to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011), *cert. denied*, 565 U.S. 964 (2011) (quoting

---

[1] This is because the one-year statute of limitations is not jurisdictional.

*Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). And the petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citation omitted). However, Evans never argues that he is entitled to equitable tolling. So, the Court cannot consider whether he is entitled to equitable tolling.

C

Finally, while not explicitly stated in his petition, Evans' claims appear to argue that he is actually innocent of the relevant charges. [*See* R. 5]. As the Supreme Court explained in *McQuiggin*, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Court also stressed that such claims are difficult to prove and that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In other words, "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316). The Sixth Circuit has acknowledged that one way to prove actual innocence is "by demonstrating (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it

more likely than not that no reasonable juror would have convicted him." *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012).

Here, to the extent Evans asserts actual innocence, this argument must also fail. As Williams points out in his Response, the statute Evans was charged under was amended in 2017 and Evans was charged in 2018. [*See* R. 11 at pgs. 21-22]. Further, as Williams explains, Evans was charged with a Class C felony from the start of this matter. [*See id.* at pg. 19]. Evans has presented no evidence to indicate that the operative statute here was changed between 2017 and his sentencing nor has he presented substantive evidence to support his claim that he was otherwise improperly sentenced in this matter. These facts combined with Evans' failure to assert actual innocence to circumvent the statute of limitations and the high burden of proof needed to successfully assert this defense, any assertion by Evans of actual innocence to negate Williams' statute of limitations argument must fail.

D

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a Certificate of Appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack*, 529 U.S. at 484.

Here, Evans failed to comply with the statute of limitations and reasonable jurists would not debate the dismissal of his § 2254 petition as untimely. Therefore, the undersigned will recommend that the District Court deny a Certificate of Appealability.

## Conclusion

Evans petitions the Court for a writ of habeas corpus under § 2254. [R. 5]. However, his petition is untimely. Therefore, this Court will recommend the District Court deny Evans' (1) § 2254 petition and (2) Certificate of Appealability, if he requests one.

## Recommendation

Upon review of the record, and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2254 Habeas Cases, IT IS RECOMMENDED that:

1. Evans' Section 2254 petition [R. 5] be DISMISSED WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED as to all issues raised, should Evans so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).


Signed June 4, 2024.



Signed By:
**_Edward B. Atkins_** _EBA_
**United States Magistrate Judge**